UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and BECTON, DICKINSON and COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AFFYMETRIX, INC.; and LIFE TECHNOLOGIES CORP.,<br><br>Defendants. | Case No.: 17-cv-01394-H-NLS<br><br>**REVISED TENTATIVE SCHEDULING ORDER** |

On July 10, 2017, Plaintiffs the Regents of the University of California and Becton, Dickinson and Company filed a complaint for patent infringement against Defendants Affymetrix, Inc. and Life Technologies Corp., alleging infringement of U.S. Patent No. 9,085,799, U.S. Patent No. 8,110,673, and U.S. Patent No. 8,835,113. (Doc. No. 1, Compl.) On September 8, 2017, Defendants filed an answer to Plaintiffs' complaint. (Doc. No. 37.)

On September 12, 2017, the Court issued a tentative scheduling order. (Doc. No. 38.) A telephonic case management conference is currently scheduled for Friday, October 6, 2017 at 10:30 a.m. (Id.) On September 29, 2017, the parties filed a joint report pursuant to Federal Rule of Civil Procedure 26(f), which included proposed changes to the Court's

tentative scheduling order. (Doc. No. 51.) Accordingly, in light of these proposed changes, the Court issues the following revised tentative scheduling order:[1]

1. **<u>Disclosure of Asserted Claims and Infringement Contentions</u>**. On or before **November 3, 2017**, Plaintiffs must serve on Defendants a "Disclosure of Asserted Claims and Infringement Contentions." The Disclosure of Asserted Claims and Infringement Contentions must contain the following information:

   a. Each claim of each patent in the suit that is allegedly infringed by Defendants;

   b. Separately for each asserted claim, each of Defendants' accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of which the party is aware. This identification must be as specific as possible. Each product, device and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

   c. A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

   d. For each claim which is alleged to have been indirectly infringed, an identification of any direct infringement and a description of the acts of the alleged indirect infringer that contribute to or are inducing that direct infringement. Insofar as alleged direct infringement is based on joint acts of multiple parties, the role of each such party in the direct infringement must be described;

---

[1] The parties should specifically note that the Court's scheduling order sets forth disclosure requirements for damages contentions that are based on the requirements set forth in the Northern District of California Patent Local Rules 3-1(h), 3-2(f)–(j), 3-4(c)–(e), 3-8, and 3-9.

   e. Whether each element of each asserted claim is claimed to be literally present and/or present under the doctrine of equivalents in the Accused Instrumentality;

   f. For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled;

   g. If a party claiming patent infringement asserts or wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim;

   h. If a party claiming patent infringement alleges willful infringement, the basis for such allegation; and

   i. Identify the timing of the point of first infringement, the start of claimed damages, and the end of claimed damages.

  2. **Document Production Accompanying Disclosure**. With the Disclosure of Asserted Claims and Infringement Contentions, the party claiming patent infringement must produce to Defendants or make available for inspection and copying, the following documents in the possession, custody or control of that party:

   a. Documents (for example, contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required within these rules does not constitute an admission that such document evidences or is prior art under 35 U.S.C. § 102;

   b. All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, that were created on or before the date of

application for the patent in suit or the priority date identified pursuant to Patent Local Rule 3.1(f), whichever is earlier;

  c. A copy of the file history for each patent in suit and each application to which a claim for priority is made under Patent Local Rule 3.1(f);

  d. Documents sufficient to evidence ownership of the patent rights by the party asserting patent infringement;

  e. If a party identifies instrumentalities pursuant to Patent Local Rule 3.1(g), documents sufficient to show the operation of any aspects or elements of such instrumentalities the patent claimant relies upon as embodying any asserted claims;

  f. All agreements, including licenses, transferring an interest in any patent-in-suit;

  g. All agreements that the party asserting infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

  h. All agreements that otherwise may be used to support the party asserting infringement's damages case;

  i. If a party identifies instrumentalities pursuant to Patent Local Rule 3.1(g), documents sufficient to show marking of such embodying accused instrumentalities and if it wants to preserve the right to recover lost profits based on such products, sales, revenues, costs and profits of such embodying accused instrumentalities; and

  j. All documents comprising or reflecting a F/RAND commitment or agreement with respect to the asserted patent(s). The producing party must separately identify by production number which documents correspond to each category. If the documents identified above are not in the possession, custody or control of the party charged with production, that party must use its best efforts to obtain all responsive documents and make a timely disclosure.

 3. Any motion to join other parties, to amend the pleadings, or to file additional pleadings must be filed on or before **January 19, 2018**.

4.      A hearing on Plaintiffs' motion for a preliminary injunction will be held on **Monday, November 20, 2017** at **10:30 a.m.**

5.      **<u>Invalidity Contentions</u>**. On or before **December 15, 2017**, Defendants must serve on all parties their "Invalidity Contentions," which must contain the following information:

a.      The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious.  This includes information about any alleged knowledge or use of the invention in this country prior to the date of invention of the patent. Each prior art patent must be identified by its number, country of origin, and date of issue. Each prior art publication must be identified by its title, date of publication, and where feasible, author and publisher.  Prior art under 35 U.S.C. § 102(b) must be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity that made the use or that made and received the offer, or the person or entity that made the information known or to whom it was made known.  Prior art under 35 U.S.C. § 102(f) must be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived.  Prior art under 35 U.S.C. § 102(g) must be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

b.      Whether each item of prior art anticipates each asserted claim or renders it obvious.  If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

c.      A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found, including for each element that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function;

   d. Any grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) of any of the asserted claims; and

   e. Any grounds of invalidity based on lack of written description, lack of enabling disclosure, or failure to describe the best mode under 35 U.S.C. § 112(1).

  6. **Document Production Accompanying Invalidity Contentions**.  With the Invalidity Contentions, the party opposing a claim of patent infringement must produce or make available for inspection and copying:

   a. Source code, specifications, schematics, flow charts, artwork, formulas, or other documentation sufficient to show the operation of any aspects or elements of any Accused Instrumentality identified by the patent claimant in its Patent Local Rule 3.1(c) chart;

   b. A copy of each item of prior art identified pursuant to Patent Local Rule 3.3(a) that does not appear in the file history of the patent(s) at issue.  To the extent any such item is not in English, the party opposing infringement must produce an English translation of the portion(s) relied upon;

   c. All agreements that the party opposing infringement contends are comparable to a license that would result from a hypothetical reasonable royalty negotiation;

   d. Documents sufficient to show the sales, revenue, cost, and profits for accused instrumentalities identified pursuant to Patent Local Rule 3.1(b) for any period of alleged infringement; and

   e. All agreements that may be used to support the party denying infringement's damages case.

  7. **Invalidity Contentions If No Claim of Infringement**.  In all cases in which a party files a complaint or other pleading seeking a declaratory judgment that a patent is not infringed, is invalid, or is unenforceable, Patent Local Rules 3.1 and 3.2 will not apply unless and until a party makes a claim for patent infringement.  If the Defendants do not assert a claim for patent infringement in answer to the complaint, no later than fourteen

(14) days after the Initial Case Management Conference, the party seeking a declaratory judgment must serve upon each opposing party Invalidity Contentions that conform to Patent Local Rule 3.3 and produce or make available for inspection and copying the documents described in Patent Local Rule 3.4.

8. **Exchange of Preliminary Claim Construction and Extrinsic Evidence**.

a. On or before **January 5, 2018**, the parties will simultaneously exchange a preliminary proposed construction of each claim term, phrase, or clause that the parties have identified for claim construction purposes. Each Preliminary Claim Construction will also, for each element that any party contends is governed by 35 U.S.C. § 112(6), identify the structure(s), act(s), or material(s) described in the specification corresponding to that element.

b. Simultaneously with exchange of the Preliminary Claim Constructions, the parties must also provide a preliminary identification of extrinsic evidence, including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses they contend support their respective claim constructions. The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness's proposed testimony.

c. On or before **January 19, 2018**, the parties will simultaneously exchange "Responsive Claim Constructions" identifying whether the responding party agrees with the other party's proposed construction, or identifying an alternate construction in the responding party's preliminary construction, or setting forth the responding party's alternate construction.

d. Simultaneous with exchange of the Responsive Claim Constructions pursuant to Patent Local Rule 4.1(c), the parties must also provide a preliminary identification of extrinsic evidence, including without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses

they contend support any responsive claim constructions. The parties must identify each such item of extrinsic evidence by production number or produce a copy of any such item not previously produced. With respect to any such witness, percipient or expert, the parties must also provide a brief description of the substance of that witness's proposed testimony.

   e. The parties must thereafter meet and confer for the purposes of narrowing the issues and finalizing preparation of a Joint Claim Construction Chart, Worksheet and Hearing Statement.

  9. **Joint Claim Construction Chart, Worksheet, and Hearing Statement**. On or before **February 9, 2018**, the parties must complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet, and Joint Hearing Statement.

   a. The Joint Hearing Statement must include an identification of the terms whose construction will be most significant to the resolution of the case up to a maximum of ten (10) terms. The parties must also identify any term among the ten (10) whose construction will be case or claim dispositive. If the parties cannot agree on the ten (10) most significant terms, the parties must identify ones which they do agree are most significant and then they may evenly divide the remainder with each party identifying what it believes are the remaining most significant terms. However, the total terms identified by all parties as most significant cannot exceed ten (10). For example, in a case involving two (2) parties if the parties agree upon the identification of five (5) terms as most significant, each may only identify two (2) additional terms as most significant; if the parties agree upon eight (8) such terms, each party may only identify only one (1) additional term as most significant.

   b. The Joint Claim Construction Chart must have a column listing complete language of disputed claims with the disputed terms in bold type and separate columns for each party's proposed construction of each disputed term. Each party's proposed construction of each disputed claim term, phrase, or clause, must identify all references from the specification or prosecution history that support that construction, and identify any extrinsic evidence known to the party on which it intends to rely either to

support its proposed construction of the claim or to oppose any party's proposed construction of the claim, including, but not limited to, as permitted by law, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. For every claim with a disputed term, each party must identify with specificity the impact of the proposed constructions on the merits of the case.

      c.    The parties' Joint Claim Construction Worksheet must be in the format set forth in Appendix A of the Patent Local Rules and include any proposed constructions to which the parties agree, as well as those in dispute. The parties must jointly submit the Joint Claim Construction Worksheet to Judge Huff's e-file inbox in both Word and WordPerfect format or in such other format as the Court may direct.

      d.    The Joint Hearing Statement must include:

          1.    The anticipated length of time necessary for the Claim Construction Hearing;

          2.    Whether any party proposes to call one or more witnesses, including experts, at the Claim Construction Hearing, the identity of each such witness, and for each expert, a summary of each opinion to be offered in sufficient detail to permit a meaningful deposition of that expert; and

          3.    The order of presentation at the Claim Construction Hearing.

      e.    At the Court's discretion, within seven (7) days of the submission of the Joint Claim Construction Chart, Joint Claim Construction Worksheet and Joint Hearing Statement, the Court will hold a status conference with the parties, in person or by telephone, to discuss scheduling, witnesses and any other matters regarding the Claim Construction Hearing.

///
///
///

10. **Amended and Final Infringement Contentions**.[2]

a. As a matter of right, a party asserting infringement may serve Amended Infringement Contentions no later than the filing of the parties' Joint Claim Construction Chart, **February 9, 2018**. Thereafter, absent undue prejudice to the opposing party, a party asserting infringement may only amend its infringement contentions:

1. If, not later than thirty (30) days after service of the Court's Claim Construction Ruling, the party asserting infringement believes in good faith that amendment is necessitated by a claim construction that differs from that proposed by such party; or

2. upon a timely motion showing good cause.

b. As a matter of right, a party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" no later than the Completion of Claim Construction Discovery, **March 9, 2018**. Thereafter, absent undue prejudice to the opposing party, a party opposing infringement may only amend its invalidity contentions:

1. if a party claiming patent infringement has served Amended Infringement Contentions, and the party opposing a claim of patent infringement believes in good faith that the Amended Infringement Contentions so require;

2. if, not later than fifty (50) days after service of the Court's Claim Construction Ruling, the party opposing infringement believes in good faith that amendment is necessitated by a claim construction that differs from that proposed by such party; or

3. upon a timely motion showing good cause.

11. **Damages Contentions**. On **February 16, 2018**, each party asserting infringement shall:

---

[2] This rule does not relieve any party from its obligations under Federal Rule of Civil Procedure 26 to timely supplement disclosures and discovery responses.

  a. Identify each of the category(-ies) of damages it is seeking for the asserted infringement, as well as its theories of recovery, factual support for those theories, and computations of damages within each category, including:

   1. lost profits;
   2. price erosion;
   3. convoyed or collateral sales;
   4. reasonable royalty; and
   5. any other form of damages.

  b. To the extent a party contends it is unable to provide a fulsome response to the disclosures required by this rule, it shall identify the information it requires.

  12. **Responsive Damages Contentions**. On **March 9, 2018**, each party denying infringement shall identify specifically how and why it disagrees with those contentions. This should include the party's affirmative position on each issue. To the extent a party contends it is unable to provide a fulsome response to the disclosures required by this rule, it shall identify the information it requires.

  13. **Completion of Claim Construction Discovery**. On **March 9, 2018**, the parties must complete all discovery, including depositions of any percipient or expert witnesses, that they intend to use in the Claim Construction Hearing. Federal Rule of Civil Procedure 30 applies to depositions taken pursuant to Patent Local Rule 4.3 except as to experts. An expert witness identified in a party's Joint Hearing Statement pursuant to Patent Local Rule 4.2(d) may be deposed on claim construction issues. The identification of an expert witness in the Joint Hearing Statement may be deemed good cause for a further deposition on all substantive issues.

  14. **Claim Construction Briefs**.

  a. On **March 23, 2018**, the parties will simultaneously file and serve opening briefs and any evidence supporting their claim constructions.

  b. On **April 6, 2018**, the parties will simultaneously file and serve briefs responsive to the opposing party's opening brief and any evidence directly rebutting the

supporting evidence contained in the opposing party's opening brief.

15. **Claim Construction Hearing**. On **Friday, April 20, 2018, at 9:00 a.m.**, the Honorable Marilyn L. Huff will conduct a Claim Construction Hearing in San Diego, California.

16. **Advice of Counsel**. Not later than thirty (30) days after the filing of the Claim Construction Order, each party relying upon advice of counsel as part of a patent related claim or defense for any reason must:

   a. Produce or make available for inspection and copying the opinion(s) and any other documentation relating to the opinion(s) as to which that party agrees the attorney-client or work product protection has been waived;

   b. Provide a written summary of any oral advice and produce or make available for inspection and copying that summary and documents related thereto for which the attorney-client and work product protection have been waived; and

   c. Serve a privilege log identifying any other documents, except those authored by counsel acting solely as trial counsel, relating to the subject matter of the opinion(s) which the party is withholding on the grounds of attorney-client privilege or work product protection.

A party who does not comply with the requirements of Patent Local Rule 3.7 will not be permitted to rely on advice of counsel for any purpose, absent a stipulation of all parties or by order of the court, which will be entered only upon showing of good cause.

17. The initial date for the substantial completion of document discovery including electronically stored information ("ESI") is **April 27, 2018**. See Patent L.R. 2.1(a)(1).

18. All fact discovery must be completed on or before **June 29, 2018**. "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date so that it can be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.

19. On or before **April 27, 2018**, all parties must exchange with all other parties a list of all expert witnesses expected to be called at trial. The list must include the name, address, and telephone number of the expert and a brief statement identifying the subject areas as to which the expert is expected to testify. The list must also include the normal rates the expert charges for deposition and trial testimony. The list must include non-retained testifying experts. On or before **May 11, 2018**, any party may supplement its designation in response to any other party's designation so long as that party has not previously retained an expert to testify on that subject.

20. Each expert witness designated by a party must prepare a written report to be provided to all other parties no later than **May 25, 2018**, containing the information required by Federal Rule of Civil Procedure 26(a)(2)(A) and (B). Except as provided in paragraph 16 below, any party that fails to make these disclosures must not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial. In addition, the Court may impose sanctions as permitted by Federal Rule of Civil Procedure 37.

21. Any party, through any expert designated, must, in accordance with Federal Rule of Civil Procedure 26(a)(2)(D) and 26(e)(2), supplement any of its expert reports regarding evidence intended solely to contradict or rebut evidence on the same subject matter identified in an expert report submitted by another party. Any such rebuttal reports are due on or before **June 8, 2018**.

22. All expert discovery must be completed on or before **June 29, 2018**. "Completed" means that all discovery under Rules 30 through 36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date so that it can be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure.

23. All motions, including motions addressing <u>Daubert</u> issues, but excluding earlier motions to amend or join parties and later motions in limine, must be filed on or before **July 27, 2018**. Any oppositions must be filed on or before **August 10, 2018**. Any

replies must be filed on or before **August 17, 2018**. The Court schedules a motion hearing for **Friday, August 31, 2018, at 10:30 a.m.** The Court reserves the right to vacate the hearing and submit the motions on the filings pursuant to Civil Local Rule 7.1(d)(1). The Court reminds the parties that they do not need to wait until the last minute to file their motions. For any motion filed more than two weeks before the motion-filing cut-off date, the moving party must contact chambers to schedule a hearing.

All briefing in this action must comply with Civil Local Rule 7.1(h). Briefs or memoranda in support of or in opposition to all motions noticed for the same motion day must not exceed a total of twenty-five (25) pages in length, per party, for all such motions without leave of the judge who will hear the motion. No reply memorandum will exceed ten (10) pages without leave of the judge.

24. The parties must conduct a settlement conference in accordance with Patent Local Rule 2.1(c). The parties must contact the magistrate judge assigned to this case to arrange a date for the settlement conference.

25. The parties must file and submit to the Court's e-file inbox a juror questionnaire, including a question regarding time-screening for trial, on or before **August 17, 2018**.

26. Counsel must file their Memoranda of Contentions of Fact and Law in compliance with Civil Local Rule 16.1(f)(2) on or before **September 14, 2018**.

27. Counsel must comply with the pretrial disclosure requirements of Federal Rule of Civil Procedure 26(a)(3) on or before **September 14, 2018**. Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Federal Rule of Civil Procedure 37.

28. Counsel must meet together and take the action required by Civil Local Rule 16.1(f)(4) on or before **September 21, 2018**. At this meeting, counsel must discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel must exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits must be prepared in accordance with Civil Local Rule

16.1(f)(4)(c).  Counsel will note any objections they have to any other party's Pretrial Disclosures under Federal Rule of Civil Procedure 26(a)(3).  Counsel will cooperate in the preparation of the proposed pretrial conference order.

29. Counsel for Plaintiffs will be responsible for preparing the proposed pretrial order in accordance with Civil Local Rule 16.1(f)(6)(a).  On or before **September 28, 2018**, Plaintiffs' counsel must provide opposing counsel with the proposed pretrial order for review and approval.  Opposing counsel must communicate promptly with Plaintiffs' attorney concerning any objections to form or content of the pretrial order, and both parties must attempt promptly to resolve their differences, if any, concerning the order.

30. The Proposed Final Pretrial Conference Order, including objections to any other party's Federal Rule of Civil Procedure 26(a)(3) Pretrial Disclosures, must be served and e-mailed to the District Judge's e-file inbox on or before **October 5, 2018**, in accordance with Civil Local Rule 16.1(f)(6).

31. The final pretrial conference and hearing on motions in limine will be held before the Honorable Marilyn L. Huff on **Friday, October 12, 2018, at 10:30 a.m.**  All motions in limine must be filed on or before **September 14, 2018**.  Absent further order of the Court, each side may file no more than five motions in limine.

32. If a party wishes to use deposition testimony in lieu of a live witness, if authorized under the rules, the party must submit the designations to opposing counsel by **September 21, 2018**.  The parties must exchange counter-designations by **September 28, 2018**.  If deposition testimony is used at trial in lieu of a live witness, the Court will determine the allocation of time against each party, but the time is assessed against the time limits authorized for trial.

33. The parties must submit proposed verdict forms by **October 15, 2018**.

34. The parties must submit proposed questions for the jury on or before **October 15, 2018**.  The jury will consist of eight (8) jurors. Each party will have three challenges.  The Court uses the Arizona blind strike method.

35. The Court orders the parties to file proposed jury instructions on or before

1  **October 15, 2018**.  Copies of the jury instructions are to be filed with the Court's Case Management/Electronic Case Filing ("CM/ECF") system.  **Additionally**, the Court orders the parties to send to chambers via the Court's e-file e-mail address a clean copy of the requested jury instructions with "Court's Instruction No. _____" behind each annotated instruction.  The clean instructions must be sent to chambers by **October 15, 2018**.  The clean instructions must be on pleading paper in Times New Roman, 14-point font, must be double-spaced, and must not have any header, footer, or page numbers.  Further, the clean instructions must be fully completed and in a format that could be read to the jury if adopted by the Court.  The parties must remove any brackets, fill in blanks, and make the necessary selections where applicable to any model instructions.

36.     The Court schedules a status conference for **Monday, October 15, 2018, at 10:30 a.m.**  Lead trial counsel must appear in person absent further order of the Court.

37.     The Court orders the parties to provide separate exhibit lists to the Courtroom Deputy at the status conference on **October 15, 2018**.  The exhibits must be premarked with Plaintiffs using numbers and Defendants using letters in accordance with the Civil Local Rules.  Exhibit stickers are available in the Clerk's office.  If a party wishes to use electronic or demonstrative equipment during trial, the Court directs the party to contact the Courtroom Deputy to schedule an appropriate time to setup the equipment before the trial begins and submit a proposed order by **October 12, 2018**, to allow the equipment to proceed through security.

38.     The Court schedules trial for **Tuesday, October 16, 2018, at 9:00 a.m.**

39.     The Court will not modify the dates and times set forth in this order except for good cause shown.

**IT IS SO ORDERED.**

DATED: October 3, 2017

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT