# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and BECTON, DICKINSON and COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AFFYMETRIX, INC.; and LIFE TECHNOLOGIES CORP.,<br><br>Defendants. | Case No.: 17-cv-01394-H-NLS<br><br>**ORDER GRANTING JOINT MOTION FOR A PROTECTIVE ORDER**<br><br>[Doc. No. 78.] |

On December 13, 2017, the parties filed a joint motion for entry of a protective order. (Doc. No. 78.) For good cause shown, the Court grants the parties' joint motion and enters the following protective order:

The Court recognizes that at least some of the documents and information ("materials") being sought through discovery in the above-captioned action are, for competitive reasons, normally kept confidential by the parties. The Regents of the University of California ("Regents"), Becton Dickinson and Company ("BD"), Affymetrix, Inc. ("Affymetrix"), and Life Technologies Corp. ("Life Technologies")

(collectively, "the parties") have agreed to be bound by the terms of this Protective Order ("Order") in this action.

The materials to be exchanged throughout the course of the litigation between the parties, and expected to be produced by third parties, may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(7). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation. THEREFORE:

## **DEFINITIONS**

1. The term "Confidential Information" will mean information, documents, discovery responses, or testimony designated by any party or third party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" pursuant to the terms of this Order, including summaries, compilations, and any and all reproductions thereof.

2. The term "outside counsel" will mean outside counsel of record, and other attorneys, non-attorney technical specialists, paralegals, secretaries, and other support staff employed by the law firms of counsel of record. The term "outside counsel" shall not include any in-house attorneys or other legal personnel employed by the parties.

3. The term "designated in-house counsel" will mean in-house counsel who have been designated by the receiving party and approved by the producing party to have access to information or documents designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" subject to the provisions of this Protective Order.

  A. Each party may identify one designated in-house counsel. For purposes of this paragraph 3A, parties under common ownership shall be considered a single party.

  B. The ability of proposed designated in-house counsel to receive any Confidential Information will be subject to the advance approval by the

producing party or by permission of the Court. The party seeking approval of designated in-house counsel to receive Confidential Information must provide the producing party with the name and summary of job responsibilities for proposed designated in-house counsel, and an executed copy of the undertaking attached hereto as Attachment A, in advance of providing any Confidential Information of the producing party to designated in-house counsel. The summary of job responsibilities must identify, at minimum, the proposed designated in-house counsel's: 1) title; 2) primary job responsibilities; 3) place within the business's organization; 4) responsibilities (if any) with respect to U.S. or foreign patent prosecution; 5) responsibilities (if any) with respect to post-grant proceedings, including claim amendments, in any patent office; and 6) responsibilities (if any) related to competitive decision-making (including decisions about pricing, business strategy, or product design or development).

C. Any objection by the producing party to designated in-house counsel receiving Confidential Information must be made in writing within 7 calendar days following receipt of the identification of proposed designated in-house counsel. Confidential Information may be disclosed to designated in-house counsel if the 7-day period has passed and no objection has been made. The approval of designated in-house counsel must not be unreasonably withheld.

D. If a producing party objects in writing to proposed designated in-house counsel, the producing party will have 7 calendar days from the date of that objection to file a motion with the court seeking an order to prevent disclosure of its Confidential Information to proposed designated in-house counsel of the receiving party. Confidential Information may be disclosed to designated in-house counsel if the 7-day period has passed and no motion has been filed.

E. A party may substitute designated in-house counsel should the need arise during the pendency of the case. Proposed substitute designated in-house

3

counsel shall be qualified pursuant to the same procedure described in paragraphs B-D above. Upon completion of the qualification process, prior designated in-house counsel shall no longer qualify as designated in-house counsel and must transfer to substitute designated in-house counsel, or destroy, all Confidential Information in his or her possession that under this Order may only be in the possession of designated in-house counsel.

## **GENERAL PROVISIONS**

4. Each party to this litigation and any third party subpoenaed pursuant to Fed. R. Civ. P. 45 that produces or discloses any documents or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

> A. <u>Designation as "CONFIDENTIAL"</u>: Any party may designate information as "CONFIDENTIAL" if, in the good faith belief of such party and its outside counsel or designated in-house counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party or if the document is subject to confidentiality obligations owed to a third party.
>
> B. <u>Designation as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY"</u>: Any producing party may designate information as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" if, in the good faith belief of such party and its outside counsel or designated in-house counsel, disclosure of the information is likely to cause competitive harm to the disclosing party, and embodies, contains, or reflects:
>
>> (a) confidential commercial contracts and licenses with a third party, including documents relating thereto;
>>
>> (b) customer lists;
>>
>> (c) highly sensitive plans for future market or future commercialization;

4

(d) highly sensitive financial or competitive information;

(e) trade secret information reflecting the chemical structure of products, or manufacturing procedures;

(f) other trade secret or other information that concerns product design, research, development, testing, or manufacturing.

5. In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced, or photographs or other recordings of items provided for inspection, will be considered as "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain Confidential Information with the appropriate confidentiality marking or communicate its designation of any photographs or recordings of items provided for inspection.

6. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

a. the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation may be made on the record where practicable, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings. A producing party will have until 30 calendar days after receipt of a final certified copy of the deposition transcript to inform the other party or parties to the action of the portions of the transcript, identified by page and line number, to be designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY." For depositions occurring prior to the date of this order, a producing party will have until 30 days after the entry of this order to make such designations.

b. the producing party will have the right to exclude from attendance at the deposition, during such time as any Confidential Information is to be disclosed, any person other than the deponent, to whom disclosure of such Confidential Information is not permitted under this Order; and

c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7. Confidential Information must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

8. Information designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" may be viewed only by outside counsel (as defined in paragraph 2); designated in-house counsel (as defined in paragraph 3) and their clerical or support staff (including paralegals, secretaries, and discovery staff but excluding other in-house counsel) who are under a duty of confidentiality; the Court; independent stenographic reporters and videographers retained to record and transcribe testimony given in connection with this action; litigation support and other vendors and mock jurors qualified pursuant to paragraph 8(a); experts qualified pursuant to paragraph 8(b) and their clerical or support staff who are under a duty of confidentiality; and any person indicated on the face of the information to be its originator, author, or a recipient of such information.

a. Information designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" may also be viewed by any of the following as long as they are subject to a duty to keep information received in the course of their services

confidential: copying, scanning, technical support and electronic document hosting and processing services retained by outside counsel or designated in-house counsel in connection with this action; document review services (including contract attorneys but excluding in-house counsel) retained by outside counsel or designated in-house counsel; graphics, translation, or design services retained by outside counsel or designated in-house counsel for purposes of this action; jury or trial consulting services retained by outside counsel or designated in-house counsel in connection with this action; and mock jurors, provided, however, that any such mock juror has read this Order in advance of disclosure, and has executed a copy of the undertaking attached hereto as Attachment B.

    b.    Information designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" may also be viewed by independent experts retained by outside counsel or retained by a party to this action under the conditions set forth in this Paragraph. The ability of any independent expert to receive any Confidential Information will be subject to the advance approval of such expert by the producing party or by permission of the Court. The party seeking approval of an independent expert must provide the producing party with the name and curriculum vitae of the proposed independent expert, and an executed copy of the undertaking attached hereto as Attachment B, in advance of providing any Confidential Information of the producing party to the expert. Any objection by the producing party to an independent expert receiving Confidential Information must be made in writing within 10 calendar days following receipt of the identification of the proposed expert. Confidential Information may be disclosed to an independent expert if the 10 calendar day period has passed and no objection has been made. The approval of independent experts must not be unreasonably withheld. If a producing party objects in writing to a proposed independent expert, the producing party will have 7 calendar days from the date of that objection to file a motion with the court seeking an order to prevent disclosure of its Confidential Information to a proposed

independent expert retained by the receiving party. Confidential Information may be disclosed to the proposed independent expert if the 7 day period has passed and no motion has been filed.

9. Information designated "CONFIDENTIAL" must be viewed only by persons identified in paragraph 8, and up to three (3) employees (in addition to designated in-house counsel) collectively for the parties of each side who have executed the undertaking attached as Attachment C, solely as necessary to assist outside counsel or designated in-house counsel in conducting this litigation and/or preparation for testimony at deposition, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms.

10. Any person indicated on the face of the document to be its originator, its author, or a recipient of a copy of the document, may be shown the same notwithstanding the other provisions of this Order.

11. Confidential Information must be retained in the custody of outside counsel or designated in-house counsel as defined in paragraphs 2 and 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies as necessary for their participation in this litigation. In addition, outside vendors retained by the parties for the purpose of hosting document productions shall be permitted to retain custody of Confidential Information.

12. Filing Under Seal. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers rules, with respect to filing documents under seal.

   a. For the sake of clarity, submissions (other than those made for *ex parte*, *in camera* review) proposed to be filed under seal shall nevertheless be promptly served on all other parties prior to the Court's order on the sealing request.

8

17-cv-01394-H-NLS

13. A party may object at any time to a designation of Confidential Information. The objecting party must notify, in writing, counsel for the producing party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within seven (7) calendar days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. For so long as the Honorable Nita L. Stormes is the magistrate judge assigned to this Case, the discovery dispute resolution provisions in her Civil Case Procedures, Section VI including the forty-five (45) day rule regarding resolution of discovery disputes, shall apply. The materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

14. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Outside counsel for each party and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the producing party and, without prejudice to any rights and remedies of the producing party, make best efforts to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure and to retrieve or destroy any copies of the materials from the person(s) receiving the unauthorized disclosure.

15. Inadvertent disclosures by the producing party of Confidential Information, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter, provided that the producing party shall promptly upon discovery of the inadvertent disclosure notify the receiving party in writing that the information is Confidential Information and was inadvertently disclosed. Such notification shall

constitute a designation of the information as Confidential Information. Upon such notification, counsel shall reasonably cooperate to restore the confidentiality of the Confidential Information to the extent possible.

16. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

17. Inadvertent production or disclosure of documents or information subject to the attorney-client privilege, work-product doctrine or any other applicable privilege or protection from disclosure shall not constitute a waiver of, nor a prejudice to, any claim that such or related material is privileged or protected by the work-product doctrine or any other applicable privilege or protection from disclosure. Such inadvertently produced documents or information, including all copies thereof, shall be returned to the producing party or destroyed immediately upon request. The receiving party shall confirm the destruction or return of inadvertently produced documents or information within 7 calendar days of receiving written notice from the producing party of the inadvertent production. No use shall be made of such documents or information subsequent to the request that they be returned including, but not limited to, during depositions, or at trial, nor shall such documents or information be shown to anyone who has not already been given access to them; provided, however, that the receiving party may move the Court for an Order compelling production of such information, but the motion shall not assert as a ground for production the fact of the inadvertent production or the contents thereof. The party requesting the document be returned and destroyed, as provided for above, shall provide a privilege log that satisfies the requirements of Federal Rule of Civil Procedure 26(b)(5) within 7 calendar days from providing notice to the producing part of the inadvertent production. This Protective Order shall constitute an order pursuant to Federal Rule of Evidence 502(d).

18. Outside counsel and designated in-house counsel who receive and/or review Confidential Information designated as HIGHLY CONFIDENTIAL – OUTSIDE

COUNSEL ONLY shall be subject to a "Competitive Use and Prosecution Bar" and thus shall not participate in any way (including, but limited to, participating in a supervisory capacity) in the "prohibited activities" listed below in the field of reagent products intended for use in flow cytometry (the "barred field") from the time of receipt of Confidential Information designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY through the complete termination of this action by (i) entry of a final, non-appealable judgment or order, (ii) the complete settlement of all claims in this action, or (iii) any other means, and for one year after the complete termination of this action.

19. The prohibited activities are:

(a) competitive decision-making (including decisions about pricing, or product design or development) concerning the barred field on behalf of the parties to this action or any person or entity related to any party to this action;

(b) preparing or prosecuting patent applications anywhere in the world in the barred field on behalf of the parties to this action or any person or entity related to any party to this action; and

(c) providing advice to the parties to this action or any person or entity related to any party to this action concerning strategies for obtaining or preserving patent rights in the barred field, whether as counsel of record before the U.S. Patent and Trademark Office or any foreign patent office or as an advisor regarding claiming strategies

20. The Competitive Use and Prosecution Bar is personal to the person receiving Confidential Information designated as HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY and shall not be imputed to any person who did not receive or review such information (including, e.g., other employees or attorneys of the law firm by which the person subject to the bar is employed or otherwise is associated).

21. The Competitive Use and Prosecution Bar shall not apply to any post-issuance review proceedings (including ex parte reexamination, inter partes review, post grant review, and covered business method review) with respect to the patents-in-suit, except

that outside counsel or designated in-house counsel receiving or reviewing Confidential Information designated HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY shall not participate in any way in the drafting, revising, amending, or proposing of claims, including, but not limited to, verbal discussions, suggestions, or comments regarding drafts, in connection with the aforementioned post-issuance review proceedings.

22. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

23. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed to any person not authorized to receive such information under this Order.

24. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

25. Nothing within this order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by Court order.

26. Within 60 calendar days from final termination of this action, including any and all appeals, outside counsel for each party, designated in-house counsel, and any expert retaining Confidential Information, must destroy or return all Confidential Information to the producing party, including any copies, excerpts, and summaries of that information, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, outside counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that

contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

27. The restrictions and obligations set forth within this order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

28. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person already has or obtains legitimate possession of that information.

29. Transmission by electronic mail is acceptable for all notification purposes within this Order.

30. This Order may be modified by agreement of the parties, subject to approval by the Court.

31. Modifications. The Court grants the parties' request for a protective order without prejudice to the Court modifying this order at a later time. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

**IT IS SO ORDERED.**

DATED: December 15, 2017

_____
MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

# **ATTACHMENT A**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and BECTON, DICKINSON AND COMPANY,<br><br>    Plaintiffs,<br><br>    v.<br><br>AFFYMETRIX, INC. and LIFE TECHNOLOGIES CORP.,<br><br>    Defendants. | Case No. 3:17-cv-01394-H-NLS<br><br>**UNDERTAKING** |

1. I understand that I may be provided information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" by another party in the above action ("Protected Information").

2. Having read the Protective Order, I agree that I will hold Protected Information in confidence and use it solely for purposes of this action. I agree to take reasonable precautions to prevent the unauthorized or inadvertent disclosure of Protected Information.

3. I agree that I will not disclose or discuss Protected Information with anyone other than persons authorized to access such Protected Information under the Protective Order.

4. I agree that if I inadvertently disclose Protected Information to any person not listed in paragraph 3, I will immediately bring all pertinent facts relating to the

14

disclosure to the attention of outside counsel and will make every effort to prevent further disclosure or use by the person(s) receiving the unauthorized disclosure.

5. I agree that if I am provided or otherwise have access to Confidential Information designated by another party in the above action to be "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" then during the pendency of this action and for a period of 1 year from the termination of this action (including any appeals) I will abide by the Competitive Use and Prosecution Bar set forth in paragraphs 18-21 of the Protective Order. I understand that this provision only limits my activities on behalf of the parties to this action or any person or entity related to any party to this action.

6. I agree that this agreement will terminate, and I will immediately cease use of and will return or destroy all Protected Information in my possession if my employment or other relationship with a party that allowed me to obtain Protected Information terminates. I agree that my obligations to maintain confidentiality of information received prior to the termination of this agreement survives termination.

7. I agree to subject myself to the jurisdiction of the United States District Court for the Southern District of California, or to the courts of the State of California if the federal court lacks subject matter jurisdiction, with respect to enforcement of this Agreement.

8. I agree that a party disclosing Protected Information will suffer irreparable harm if I disclose or use it in any manner contrary to the provisions of this Agreement.

Date: _____ By: _____

15

17-cv-01394-H-NLS

# **ATTACHMENT B**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and BECTON, DICKINSON AND COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AFFYMETRIX, INC. and LIFE TECHNOLOGIES CORP.,<br><br>Defendants. | Case No. 3:17-cv-01394-H-NLS<br><br>**UNDERTAKING** |

1. I understand that I may be provided information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" by a party in the above action ("Protected Information").

2. Having read the Protective Order, I agree that I will hold Protected Information in confidence and use it solely for purposes of this action. I agree to take reasonable precautions to prevent the unauthorized or inadvertent disclosure of Protected Information.

3. I agree that I will not disclose or discuss Protected Information with anyone other than persons authorized to access such Protected Information under the Protective Order.

4. I agree that if I inadvertently disclose Protected Information to any person not listed in paragraph 3, I will immediately bring all pertinent facts relating to the

disclosure to the attention of outside counsel or the party that retained me and will make every effort to prevent further disclosure or use by the person(s) receiving the unauthorized disclosure.

I agree that this agreement will terminate, and I will immediately cease use of and will return or destroy all Protected Information in my possession or in the possession of my staff if my employment, consulting, expert, or other relationship with a party that allowed me to obtain Protected Information terminates. I agree that my obligations to maintain confidentiality of information received prior to the termination of this agreement survives termination.

5. I agree to subject myself to the jurisdiction of the United States District Court for the Southern District of California, or to the courts of the State of California if the federal court lacks subject matter jurisdiction, with respect to enforcement of this Agreement.
6. I agree that a party disclosing Protected Information will suffer irreparable harm if I disclose or use it in any manner contrary to the provisions of this Agreement.

Date: _____ By: _____

# **ATTACHMENT C**

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and BECTON, DICKINSON AND COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AFFYMETRIX, INC. and LIFE TECHNOLOGIES CORP.,<br><br>Defendants. | Case No. 3:17-cv-01394-H-NLS<br><br>**UNDERTAKING** |

1. I understand that I may be provided information designated as "CONFIDENTIAL" by a party in the above action ("Protected Information"). I understand that I am NOT designated as a person who may have access to information designated as "HIGHLY CONFIDENTIAL - OUTSIDE COUNSEL ONLY," as that term is defined in that Protective Order.

2. Having read the Protective Order, I agree that I will hold Protected Information in confidence and use it solely for purposes of this action. I agree to take reasonable precautions to prevent the unauthorized or inadvertent disclosure of Protected Information.

3. I agree that I will not disclose or discuss Protected Information with anyone other than other than persons authorized to access such Protected Information under the Protective Order.

4. I agree that if I inadvertently disclose Protected Information to any person not listed in paragraph 3, I will immediately bring all pertinent facts relating to the disclosure to the attention of outside counsel that retained me and will make every effort to prevent further disclosure or use by the person(s) receiving the unauthorized disclosure.

5. I agree that this agreement will terminate, and I will immediately cease use of and will return or destroy all Protected Information in my possession if my employment or other relationship with a party that allowed me to obtain Protected Information terminates. I agree that my obligations to maintain confidentiality of information received prior to the termination of this agreement survives termination.

6. I agree to subject myself to the jurisdiction of the United States District Court for the Southern District of California, or to the courts of the State of California if the federal court lacks subject matter jurisdiction, with respect to enforcement of this Agreement.

7. I agree that a party disclosing Protected Information will suffer irreparable harm if I disclose or use it in any manner contrary to the provisions of this Agreement.

Date: _____ By: _____