UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and BECTON, DICKINSON and COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AFFYMETRIX, INC.; and LIFE TECHNOLOGIES CORP.,<br><br>Defendants. | Case No.: 17-cv-01394-H-NLS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OF NON-INFRINGEMENT OF THE '799 PATENT**<br><br>[Doc. No. 106.] |

On February 23, 2018, Defendants Affymetrix, Inc. and Life Technologies Corp. filed a motion for summary judgment of non-infringement of U.S. Patent No. 9,085,799. (Doc. No. 106.) On April 9, 2018, Plaintiffs the Regents of the University of California, Becton, Dickinson and Company, Sirigen, Inc., and Sirigen II Limited filed an opposition to Defendants' motion for summary judgment. (Doc. No. 153.) On April 16, 2018, Defendants filed their reply. (Doc. No. 164.) A hearing on Defendants' motion is currently scheduled for May 14, 2018. The Court, pursuant to its discretion under Local Civil Rule 7.1(d)(1), determines the matter to be appropriate for resolution without oral argument, submits it on the papers, and vacates the motion hearing. For the reasons below, the Court grants Defendants' motion for summary judgment of non-infringement of the '799 patent.

**Background**

I.   **Procedural History**

On July 10, 2017, Plaintiffs Regents and Becton, Dickinson filed a complaint for patent infringement against Defendants Affymetrix and Life Technologies, alleging infringement of U.S. Patent No. 9,085,799, U.S. Patent No. 8,110,673, and U.S. Patent No. 8,835,113. (Doc. No. 1, Compl.) On September 8, 2017, Defendants filed an answer to Plaintiffs' complaint. (Doc. No. 37.)

On October 6, 2017, the Court issued a scheduling order. (Doc. No. 55.) On November 20, 2017, the Court denied Plaintiff Becton, Dickinson's motion for a preliminary injunction without prejudice. (Doc No. 69.) On November 30, 2017, the Court issued an amended scheduling order. (Doc. No. 76.)

On February 7, 2018, the Court granted the parties' joint motion for leave for Plaintiffs to file a first amended complaint and to modify the scheduling order. (Doc. No. 100.) On February 9, 2018, Plaintiffs filed an amended complaint: (1) adding Sirigen and Sirigen II as additional Plaintiffs and adding claims that Defendants' products infringe four Sirigen patents: U.S. Patent No. 9,547,008, U.S. Patent No. 9,139,869, U.S. Patent No. 8,575,303, and U.S. Patent No. 8,455,613; (2) adding infringement allegations against additional accused products; and (3) adding allegations of induced infringement against Defendants. (Doc. No. 101, FAC.)

On February 23, 2018, the Court issued a second amended scheduling order. (Doc. No. 105.) On March 26, 2018, the Court issued a claim construction order, construing the disputed claim terms from the '799 patent, the '673 patent, and the '113 patent. (Doc. No. 138.) By the present motion, Defendants move for summary judgment of non-infringement of the '799 patent. (Doc. No. 118 at 12.)

II.  **The '799 Patent**

The '799 patent is entitled "Methods and compositions for detection and analysis of polynucleotides using light harvesting multichromophores." U.S. Patent No. 9,085,799 (filed Jul. 21, 2015), at (54). The invention disclosed in the '799 patent relates to "methods,

articles and compositions for the detection and analysis of polynucleotides in a sample." Id. at 1:28-30.

The specification of the '799 patent explains: "Methods permitting DNA sequence detection in real time and with high sensitivity are of great scientific and economic interest. Their applications include medical diagnostics, identification of genetic mutations, gene delivery monitoring and specific genomic techniques." Id. at 1:34-38 (footnotes omitted). The specification further explains that at the time of the invention, there was a need in the art for methods of detecting and analyzing particular polynucleotides in a sample, and that such methods are provided in the '799 patent. Id. at 1:49-58.

The specification of the '799 patent describes the method as follows:

> The method of the invention comprises contacting a sample with an aqueous solution comprising at least two components; (a) a light harvesting, polycationic, luminescent multichromophore system such as, for example, a conjugated polymer, semiconductor quantum dot or dendritic structure that is water soluble, and (b) a sensor polynucleotide conjugated to a luminescent signaling chromophore (referred to as "Oligo-C*").

Id. at 3:18-25.

Claim 1 of the '799 patent claims:

1. A method comprising:

(a) contacting a sample with a light harvesting multichromophore system, the system comprising:

    i) a signaling chromophore; and

    ii) a water-soluble conjugated polymer comprising a delocalized electronic structure, wherein the polymer can transfer energy from its excited state to the signaling chromophore to provide a greater than 4 fold increase in fluorescence emission from the signaling chromophore than can be achieved by direct excitation of the signaling chromophore in the absence of the polymer;

(b) applying a light source to the sample; and

3

(c) detecting whether light is emitted from the signaling chromophore.

Id. at 21:51-65.

## Discussion

**I.      Legal Standards**

A.      Legal Standards for a Motion for Summary Judgment

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure if the moving party demonstrates that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material when, under the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Fortune Dynamic, Inc. v. Victoria's Secret Stores Brand Mgmt., Inc., 618 F.3d 1025, 1031 (9th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Fortune Dynamic, 618 F.3d at 1031 (internal quotation marks and citations omitted); accord Anderson, 477 U.S. at 248. "Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987).

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. The moving party can satisfy this burden in two ways: (1) by presenting evidence that negates an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to establish an essential element of the nonmoving party's case that the nonmoving party bears the burden of proving at trial. Id. at 322-23; Jones v. Williams, 791 F.3d 1023, 1030 (9th Cir. 2015). Once the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the nonmoving party to "set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" T.W. Elec. Serv., 809 F.2d at 630 (quoting former Fed. R. Civ. P. 56(e));

accord Horphag Research Ltd. v. Garcia, 475 F.3d 1029, 1035 (9th Cir. 2007). To carry this burden, the non-moving party "may not rest upon mere allegation or denials of his pleadings." Anderson, 477 U.S. at 256; see also Behrens v. Pelletier, 516 U.S. 299, 309 (1996) ("On summary judgment, . . . the plaintiff can no longer rest on the pleadings."). Rather, the nonmoving party "must present affirmative evidence . . . from which a jury might return a verdict in his favor." Anderson, 477 U.S. at 256.

When ruling on a summary judgment motion, the court must view the facts and draw all reasonable inferences in the light most favorable to the non-moving party. Scott v. Harris, 550 U.S. 372, 378 (2007). The court should not weigh the evidence or make credibility determinations. See Anderson, 477 U.S. at 255. "The evidence of the non-movant is to be believed." Id. Further, the Court may consider other materials in the record not cited to by the parties, but it is not required to do so. See Fed. R. Civ. P. 56(c)(3); Simmons v. Navajo Cnty., 609 F.3d 1011, 1017 (9th Cir. 2010).

### B. Legal Standards for Patent Infringement

A patent infringement analysis proceeds in two steps. Markman v. Westview Instruments, Inc., 52 F.3d 967, 976 (Fed. Cir. 1995). In the first step, the court construes the asserted claims as a matter of law. See id. In the second step, the factfinder compares the claimed invention to the accused device. Id. "A determination of infringement, whether literal or under the doctrine of equivalents, is a question of fact." Allergan, Inc. v. Sandoz Inc., 796 F.3d 1293, 1311 (Fed. Cir. 2015).

"'The patentee bears the burden of proving infringement by a preponderance of the evidence.'" Creative Compounds, LLC v. Starmark Labs., 651 F.3d 1303, 1314 (Fed. Cir. 2011). "To prove literal infringement, the patentee must show that the accused device contains every limitation in the asserted claims. If even one limitation is missing or not met as claimed, there is no literal infringement." Riles v. Shell Exploration & Prod. Co., 298 F.3d 1302, 1308 (Fed. Cir. 2002). "Accordingly, a court may determine infringement on summary judgment 'when no reasonable jury could find that every limitation recited in the properly construed claim either is or is not found in the accused device.'" Innovention

Toys, LLC v. MGA Entm't, Inc., 637 F.3d 1314, 1319 (Fed. Cir. 2011).

## II. Analysis

Defendants argue that they are entitled to summary judgment of non-infringement as to the '799 Patent because the accused products do not use a "multichromophore system" or a "sample" within the meaning of the '799 patent. (Doc. No. 118 at 5-6.) In response, Plaintiffs concede, subject to their rights of appeal, that they cannot prove infringement of the '799 patent under the Court's claim constructions. (Doc. No. 163 at 1, 5.)

Claim 1 of the '799 patent, the only independent claim in the '799 patent, claims in relevant party: "A method comprising: (a) contacting a sample with a light harvesting multichromophore system . . . ." '799 Patent at 21:51-53. Because claim 1 is the only independent claim of the '799 patent, and it includes the "sample" and "multichromophore system" claim limitations, all of the other claims in the '799 patent, the dependent claims, also include these two claim limitations. In its claim construction order, the Court construed the term "sample" as "a biological material that is analyzed for a target polynucleotide." (Doc. No. 138 at 12.) In addition, the Court construed the term "multichromophore system" as "a polycationic multichromophore." (Id. at 15.)

In their motion, Defendants argue that the accused products do not meet the "sample" limitation because the accused products are not used with polynucleotide samples. (Doc. No. 118 at 5-6.) Defendants also argue that the accused products do not meet the "multichromophore system" limitation because the accused products are not positively-charged (cationic). (Id. at 5.) Further, Defendants have supported these arguments with citations to evidence in the record stating that the accused products are not used with target polynucleotide samples, and they are not positively charged. (See id. (citing Doc. No. 62-11, Burgess PI Decl. ¶¶ 45-48, 56-58).) In response, Plaintiffs concede, subject to their rights of appeal, that they cannot prove infringement of the '799 patent under the Court's constructions of the claim terms "sample" and "multichromophore

system."[1] (Doc. No. 163 at 1, 5.) In light of Plaintiffs' concession that they cannot prove infringement of the '799 patent under the Court's claim constructions, the Court grants Defendants' motion for summary judgment of non-infringement of the '799 patent.[2]

### Conclusion

For the reasons above, the Court grants Defendants' motion for summary judgment of non-infringement of the '799 patent. The action will proceed on the remaining patents-in-suit.

**IT IS SO ORDERED.**

DATED: May 1, 2018



MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1] Although Plaintiff concedes that it cannot prove infringement of the '799 patent under the Court's claim constructions, Plaintiffs argue that the Court's claim constructions for the terms "sample" and "multichromophore system" are legally erroneous. (Doc. No. 163 at 5-7.) The Court rejects this argument.

The Court's March 26, 2018 claim construction order sets forth the Court's claim constructions for the terms "sample" and "multichromophore system." (Doc. No. 138 at 7-15.) Plaintiffs have not moved for reconsideration of the Court's claim constructions. Further, even if Plaintiffs had filed a motion for reconsideration of the Court's claim constructions, the Court would deny Plaintiffs' motion. In arguing that the Court's claim constructions are legally erroneous, Plaintiffs present the same arguments that they already made in their claim construction briefs and at the Markman hearing. This is not a proper basis for reconsideration of a prior order. See Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008) (A motion for reconsideration "'may not be used to relitigate old matters, or to raise arguments or present evidence for the first time that reasonably could have been raised prior to entry of [the order].'"); Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

[2] In their motion, Defendants also argue that they are entitled to summary judgment of non-infringement as to the '799 patent because the accused products do not meet the "greater than 4-fold" limitation. (Doc. No. 118 at 6-9.) Because the Court grants Defendants' motion for summary judgment of non-infringement of the '799 patent on the basis that the accused products do not meet the "sample" and "multichromophore system" limitations, the Court declines to address this additional argument set forth in Defendants' motion.