# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and BECTON, DICKINSON and COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AFFYMETRIX, INC.; and LIFE TECHNOLOGIES CORP.,<br><br>Defendants. | Case No.: 17-cv-01394-H-NLS<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR LEAVE TO AMEND THEIR INVALIDITY CONTENTIONS**<br><br>[Doc. No. 216.] |

On July 18, 2018, Defendants Affymetrix, Inc. and Life Technologies Corp. filed a motion for leave to amend their invalidity contentions. (Doc. No. 216.) On August 13, 2018, Plaintiffs the Regents of the University of California, Becton, Dickinson and Company, Sirigen, Inc., and Sirigen II Limited filed a response in opposition to Defendants' motion. (Doc. No. 262.) On August 17, 2018, the Court took the matter under submission. (Doc. No. 263.) On August 20, 2018, Defendants filed a reply. (Doc. No. 265.) For the reasons below, the Court grants Defendants' motion for leave to amend their invalidity contentions.

///

///

1

## Background

On July 10, 2017, Plaintiffs Regents and Becton, Dickinson filed a complaint for patent infringement against Defendants Affymetrix and Life Technologies, alleging infringement of U.S. Patent No. 9,085,799, U.S. Patent No. 8,110,673, and U.S. Patent No. 8,835,113. (Doc. No. 1, Compl.) On September 8, 2017, Defendants filed an answer to Plaintiffs' complaint. (Doc. No. 37.)

On October 6, 2017, the Court issued a scheduling order. (Doc. No. 55.) On November 20, 2017, the Court denied Plaintiff Becton, Dickinson's motion for a preliminary injunction without prejudice. (Doc No. 69.) On November 30, 2017, the Court issued an amended scheduling order. (Doc. No. 76.)

On February 7, 2018, the Court granted the parties' joint motion for leave for Plaintiffs to file a first amended complaint and to modify the scheduling order. (Doc. No. 100.) On February 9, 2018, Plaintiffs filed a first amended complaint: (1) adding Sirigen and Sirigen II as additional Plaintiffs and adding claims that Defendants' products infringe four Sirigen patents: U.S. Patent No. 9,547,008, U.S. Patent No. 9,139,869, U.S. Patent No. 8,575,303, and U.S. Patent No. 8,455,613; (2) adding infringement allegations against additional accused products; and (3) adding allegations of induced infringement against Defendants. (Doc. No. 101, FAC.)

On February 23, 2018, the Court issued a second amended scheduling order. (Doc. No. 105.) On March 26, 2018, the Court issued a claim construction order, construing disputed claim terms from the '799 patent, the '673 patent, and the '113 patent. (Doc. No. 138.) On May 1, 2018, the Court granted Defendants' motion for summary judgment of non-infringement of the '799 patent. (Doc. No. 170.) On May 14, 2018, the Court denied Defendants' motion for summary judgment of non-infringement of the '673 patent and the '113 patent. (Doc. No. 183.)

By the present motion, Defendants move pursuant to Patent Local Rule 3.6(b)(3) to amend their invalidity contentions. (Doc. No. 216-1.) Specifically, Defendants seek to amend their invalidity contentions for the '673 patent and the '113 patent to add two

additional prior references, the Yang reference and the Hou reference, and to clarify their contentions as to the "AF750APC" reference. (Id. at 1; see Doc. No. 217, Watson Decl. Ex. A.)

**Discussion**

**I.  Legal Standards**

Patent Local Rule 3.3 require a party opposing a claim of patent infringement to serve on all parties its "Invalidity Contentions" within 60 days after being served with the "Disclosure of Asserted Claims and Infringement Contentions." Patent Local Rule 3.6(b) provides:

> As a matter of right, a party opposing a claim of patent infringement may serve "Amended Invalidity Contentions" no later than the completion of claim construction discovery. Thereafter, absent undue prejudice to the opposing party, a party opposing infringement may only amend its validity contentions:
>
> . . .
>
> 3. upon a timely motion showing good cause.

The Federal Circuit has explained that patent local rules such as these "requir[e] both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories." O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d 1355, 1365–66 (Fed. Cir. 2006). "In contrast to the more liberal policy for amending pleadings, 'the philosophy behind amending claim charts is decidedly conservative, and designed to prevent the "shifting sands" approach to claim construction.'" Verinata Health, Inc. v. Ariosa Diagnostics, Inc., 236 F. Supp. 3d 1110, 1113 (N.D. Cal. 2017).

To establish "good cause" under Patent Local Rule 3.6(b)(3), the moving party must demonstrate that it "has acted diligently and the opposing party will not be prejudiced." Id. ("'[T]he moving party bears the burden of demonstrating good cause.'"); see O2 Micro,

467 F.3d at 1355. "'[T]he diligence required for a showing of good cause has two subparts: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered.'" Karl Storz Endoscopy-Am., Inc. v. Stryker Corp., No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016). Further, in the context of a motion for leave to amend contentions, "[p]rejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." Id.; see WhatsApp Inc. v. Intercarrier Commc'ns, LLC, No. 13-CV-04272-JST, 2014 WL 12703766, at *4 (N.D. Cal. Sept. 3, 2014).

## II. Analysis

### A. Diligence

Defendants have demonstrated that despite their current need to amend their contentions to add two recently discovered prior art references, they were diligent in their previous prior art searches. On May 15, 2018, Defendants served Plaintiffs with their second amended invalidity contentions regarding the '673 patent, the '113 patent, and the '799 patent. (Doc. No. 217, Watson Decl. ¶ 9, Ex. H.) Less than two weeks prior, Defendants also served Plaintiffs with their initial invalidity contentions regarding the '008 patent, the '869 patent, the '303 patent, and the '613 patent. (Id. ¶ 8, Ex. G.) These invalidity contentions spanned 247 pages and included 107 prior art references and numerous claim charts. (Id. Exs. G, H.) The thoroughness of Defendants' prior invalidity contentions demonstrates their diligence. See Karl Storz Endoscopy-Am., 2016 WL 2855260, at *4 ("[Defendant's] initial invalidity contentions themselves belie a finding that its search was not diligent: they included over 500 prior art references among the 31 claim charts and 400 additional pages of analysis addressing [plaintiff]'s claims. It strains credulity to imagine that [defendant] was not diligent in uncovering and evaluating this many references.").

In addition, Defendants' diligence in preparing their prior invalidity contentions is underscored by the number of patents and claims at issue in this case. In the present action, Plaintiffs allege infringement of over a hundred patent claims. (Doc. No. 101, FAC ¶¶ 54,

4

61, 72, 84, 93, 104, 111.) Courts "have found good cause to amend invalidity contentions due to the large scope of the initial prior art search" based on the number of claims being asserted in the action. Karl Storz Endoscopy-Am., 2016 WL 2855260, at *5; see, e.g., Network Prot. Scis., LLC v. Fortinet, Inc., No. C 12-01106 WHA, 2013 WL 1949051, at *2 (N.D. Cal. May 9, 2013).

Further, Defendants were diligent in moving to amend their contentions. Defendants became aware of the Hou and Yang references sometime after May 15, 2018, during the time when they were preparing their IPR petitions. (Doc. No. 217, Watson Decl. ¶ 11.) Defendants gave Plaintiffs notice of their intent to move for leave to amend their contentions to include these two references on July 11, 2018, and Defendants filed the present motion on July 18, 2018, about two months later. (Doc. No. 217, Watson Decl. ¶ 12; Doc. No. 216.) The less than two months period between the time Defendants discovered the references at issue and the time Defendants gave Plaintiffs notice of their intent to amend their invalidity contentions is reasonable and establishes Defendants' diligence in seeking leave to amend.[1] See Karl Storz Endoscopy-Am., 2016 WL 2855260, at *7 (finding diligence where the defendant moved for leave to amend within two months of discovering the references at issue and within one month of filing its IPR petition); Radware Ltd. v. F5 Networks, Inc., No. C-13-02021-RMW, 2014 WL 3728482, at *2 (N.D. Cal. 2014) ("[U]nder these particular facts, three months' delay in moving for leave to amend does not undermine [defendant's] diligence.").

Plaintiffs argue that Defendants could not have been diligent in their previous prior art searches because the Hou and Yang references were both published in major journals in the relevant field and both references are cited in "Huang (2004)," a reference that was included in Defendants' initial December 15, 2017 invalidity contentions. (Doc. No. 262

---

[1] Plaintiffs criticize Defendants for failing to state the precise date on which they discovered the Yang and Hou references. (Doc. No. 262 at 6-7, 11.) But regardless what that specific date was, it is undisputed that it was less than two months between the date of discovery and the date Defendants notified Plaintiffs of their intent to amend their contentions, a reasonable period of time.

5

at 7-8.) But other courts have rejected similar arguments, particularly in a case such as this, where the defendant is facing an enormous number of a claims and a correspondingly enormous number of relevant prior art references. See Karl Storz Endoscopy-Am., 2016 WL 2855260, at *5 ("[T]he mere possibility that [defendant] might have discovered the references earlier does not defeat its diligence."). "Unsuccessful prior art searches, standing alone, do not demonstrate an absence of diligence." Network Prot. Scis., 2013 WL 1949051, at *2. In sum, Defendants have demonstrated that they were diligent in discovering the prior art references at issue and moving to amend to include them in their contentions.

B. Prejudice

Turning to the prejudice, here, Defendants have demonstrated that Plaintiffs would not be prejudiced by amendment of the invalidity contentions. This action is currently in the middle of the discovery and claim construction stages of the case. A claim construction hearing on the '008 patent, the '869 patent, the '303 patent, and the '613 patent is scheduled for August 31, 2018. (Doc. No. 105 at 14.) Initial expert reports are not due until November 9, 2018, and the close of fact and expert discovery is not until January 24, 2019. (Id. at 14-15.) The pretrial motion cutoff is not until February 14, 2019, and the trial date is scheduled for May 14, 2019. (Id. at 15-16.) "Therefore, [Plaintiffs] will not be prejudiced by amendment of the invalidity contentions because 'there is still ample time left in the discovery period.'" Verinata Health, Inc. v. Ariosa Diagnostics, Inc., No. C 12-05501 SI, 2014 WL 1648175, at *3 (N.D. Cal. Apr. 23, 2014) (finding no prejudice where the fact discovery deadline was four months away, the expert discovery deadline was seven months away, and the trial date was ten months away).

Further, Defendants' proposed amended invalidity contentions would not pose a risk to any of the above discovery and motion deadlines or the Court's trial schedule. "Courts have found no prejudice where, as here, the proposed amendments did not pose a risk to discovery and motion deadlines or the trial schedule." Karl Storz Endoscopy-Am., 2016 WL 2855260, at *7.

In addition, the Court rejects Plaintiffs' contention that they will suffer prejudice if the Court grants Defendants' motion because they will be forced to spend additional time analyzing and responding to the amended contentions. (See Doc. No. 262 at 13.) Plaintiffs will have to spend additional time analyzing and responding to the prior art references at issue regardless of whether Defendants amend their invalidity contentions because those references are already at issue in the co-pending IPR proceedings. Moreover, a complaint that amendment of the contentions would cause Plaintiffs "to perform more work than it would have to perform otherwise . . . is not prejudice." Karl Storz Endoscopy-Am., 2016 WL 2855260, at *9; see Trans Video Elecs., Ltd. v. Sony Elecs., Inc., 278 F.R.D. 505, 510 n.2 (N.D. Cal. 2011) ("Generally, the issue is not whether the defendant would be required to engage in additional work in response to newly amended claims."). In sum, Defendants have demonstrated that the proposed amendments to their invalidity contentions would not prejudice Plaintiffs.[2]

## Conclusion

For the reasons above, the Court grants Defendants' motion to amend their invalidity contentions. The Court orders Defendants to serve their amended invalidity contentions on Plaintiffs within seven (7) days from the date this order is filed.

**IT IS SO ORDERED.**

DATED: August 24, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[2] The Court notes that even if it assumed that Defendants were not diligent, the lack of any prejudice at all to Plaintiffs from the proposed amendments would lead to Court to exercise its discretion and still grant Defendants' motion for leave to amend their invalidity contentions. See Karl Storz Endoscopy-Am., 2016 WL 2855260, at *3 ("[T]he court retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party."); see Twilio, Inc. v. TeleSign Corp., No. 16CV06925LHKSVK, 2017 WL 3581186, at *4 (N.D. Cal. Aug. 18, 2017).