# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and BECTON, DICKINSON and COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AFFYMETRIX, INC.; and LIFE TECHNOLOGIES CORP.,<br><br>Defendants. | Case No.: 17-cv-01394-H-NLS<br><br>**ORDER:**<br><br>**(1) GRANTING JOINT MOTION FOR DETERMINATION OF DISCOVERY DISPUTE NO. 5; AND**<br><br>[Doc. No. 292.]<br><br>**(2) GRANTING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CERTAIN DOCUMENTS** |

On October 3, 2018, the parties filed a one-page joint motion for determination of a discovery dispute. (Doc. No. 292.) In the joint motion, Plaintiffs move for an order compelling Defendants to produce certain documents that Defendants assert are protected by the common interest privilege. (Id.) For the reasons below, the Court rejects

Defendants' assertion of the common interest privilege as to the documents at issue, and the Court grants Plaintiffs' motion to compel production of the documents.[1]

**Background**

The Court has previously resolved a similar discovery dispute between the parties regarding the common interest privilege. On November 15, 2017, in response to a subpoena, third-party AAT BioQuest produced an email dated July 15, 2013 that was sent from Travis Jennings, an Affymetrix scientist, to Steven Yee, Affymetrix's in-house IP counsel, and Ryan Simon, Affymetrix's general counsel. (Doc. No. 212-1, Jennings Decl. ¶ 6.) The email was also sent to Dr. Jack Diwu, lead scientist and principal for third-party AAT BioQuest, Inc., as a carbon copy recipient. (Id. ¶ 7.) It is undisputed that at the time of that email communication, AAT was not represented by its own counsel. (Doc. No. 212 at 1, 5.) Further, Defendants do not assert that AAT was represented by Affymetrix's in-house counsel. (Doc. No. 197 at 7 n.2.)

On March 7, 2018, Defendants asserted a claim of privilege as to the July 15, 2013 email in their privilege log and clawed the document back under the terms of the protective order in this case. (Doc. No. 198-1, Ex. C.) Plaintiffs disputed Defendants' claim of privilege as to the document but complied with Defendants' request to destroy the document. (Id.)

On April 20, 2018, the parties filed a one-page joint motion for determination of a discovery dispute. (Doc. No. 165.) In the joint letter, Plaintiffs challenged Defendants' assertion of common interest privilege as to the July 15, 2013 email. (Id.) On April 25, 2018, the Court referred the parties' discovery dispute to the Magistrate Judge. (Doc. No. 166.) On May 23, 2018, the parties filed a joint motion for the determination of a discovery dispute before the Magistrate Judge. (Doc. No. 186.)

---

[1] The Court notes that the parties have previously briefed the issue of common interest privilege as it relates to the relationship between Affymetrix and AAT both before this Court and before the Magistrate Judge, and the parties have presented oral arguments to the Court on this issue at a prior hearing. (Doc. Nos. 186, 205, 234, 238, 254.) In light of this, the Court declines to order additional briefing or to schedule a hearing on the present discovery dispute.

On June 19, 2018, the Magistrate Judge issued an order on the parties' joint motion, rejecting Defendants' assertion of common interest privilege as to the July 15, 2013 email and granting Plaintiffs' motion to compel production of the document. (Doc. No. 197 at 1, 10.) On July 3, 2018, Defendants filed objections pursuant to Federal Rule of Civil Procedure 72(a) to the Magistrate Judge's June 19, 2018 order. (Doc. No. 205.) On August 6, 2018, the Court held that Defendants failed to establish applicability of the common interest privilege and denied Defendants' Rule 72(a) objections. (Doc. No. 259.) Specifically, the Court held that Defendants had failed to show that the communication at issue was made in pursuit of a joint strategy in accordance with some form of agreement. (Id. at 7-9.) In addition, the Court held that the Magistrate Judge did not err in denying Defendants' assertion of common interest privilege on the basis that AAT was not represented by counsel of its own during the relevant time. (Id. at 9-11.)

In the present discovery dispute, Plaintiffs again challenge Defendants' assertion of the common interest privilege as to certain documents. (Doc. No. 292.) Specifically, the parties dispute whether Defendants may invoke the common interest privilege with respect to attorney-client communications Affymetrix shared with third-party AAT after the effective date of a supply and license agreement that Affymetrix and AAT signed in 2014. (Id.)

**Discussion**

**I. Legal Standards for Attorney-Client Privilege and Common Interest Privilege**

Privilege determinations in patent cases are governed by the law of the regional circuit, here the Ninth Circuit. See Waymo LLC v. Uber Technologies, Inc., 870 F.3d 1350, 1359 (Fed. Cir. 2017) ("We apply Ninth Circuit law to determine whether the District Court erred in its privilege determination."); In re Regents of University of California, 101 F.3d 1386, 1390 & n.2 (Fed. Cir. 1996). "'The attorney-client privilege protects confidential disclosures made by a client to an attorney in order to obtain legal advice, . . . as well as an attorney's advice in response to such disclosures.'" United States v. Ruehle, 583 F.3d 600, 607 (9th Cir. 2009). The Ninth Circuit has explained that "'[b]ecause it

3

17-cv-01394-H-NLS

impedes full and free discovery of the truth, the attorney-client privilege is strictly construed.'" United States v. Martin, 278 F.3d 988, 999 (9th Cir. 2002), as amended on denial of reh'g (Mar. 13, 2002); see also Ruehle, 583 F.3d at 607 ("[T]he [attorney-client] privilege stands in derogation of the public's right to every man's evidence and as an obstacle to the investigation of the truth, [and] thus, . . . [i]t ought to be strictly confined within the narrowest possible limits consistent with the logic of its principle.").

The party asserting the privilege bears the burden of proving all of the elements in the following eight-part test:

> (1) Where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived.

Ruehle, 583 F.3d at 607-08; accord Martin, 278 F.3d at 999-1000; see also Weil v. Inv./Indicators, Research & Mgmt., Inc., 647 F.2d 18, 25 (9th Cir. 1981) ("As with all evidentiary privileges, the burden of proving that the attorney-client privilege applies rests not with the party contesting the privilege, but with the party asserting it.").

"Under the attorney-client privilege, it is a general rule that attorney-client communications made 'in the presence of, or shared with, third-parties destroys the confidentiality of the communications and the privilege protection that is dependent upon that confidentiality.'" Nidec Corp. v. Victor Co. of Japan, 249 F.R.D. 575, 578 (N.D. Cal. 2007); see In re Pac. Pictures Corp., 679 F.3d 1121, 1126-27 (9th Cir. 2012) ("[V]oluntarily disclosing privileged documents to third parties will generally destroy the privilege."); Cohen v. Trump, No. 13-CV-2519-GPC WVG, 2015 WL 3617124, at *13 (S.D. Cal. June 9, 2015) ("As a general rule, the attorney-client privilege is waived by voluntary disclosure of private communications to third parties."). "The reason behind this rule is that, [i]f clients themselves divulge such information to third parties, chances are that they would also have divulged it to their attorneys, even without the protection of the privilege." Pac. Pictures, 679 F.3d at 1127.

The joint defense privilege also known as the "common interest" privilege is an exception to the general rule that disclosure of privileged communications to a third party destroys the privilege. Nidec, 249 F.R.D. at 578. The Ninth Circuit has explained that the common interest privilege is not "a separate privilege." Pac. Pictures, 679 F.3d at 1129. Rather, it "is 'an extension of the attorney-client privilege.'" United States v. Gonzalez, 669 F.3d 974, 978 (9th Cir. 2012). The common interest privilege is "designed to allow attorneys for different clients pursuing a common legal strategy to communicate with each other." Pac. Pictures, 679 F.3d at 1129; Gonzalez, 669 F.3d at 978 ("'[T]he rationale for the joint defense rule [is that] persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims.'").

The common interest privilege applies where: "(1) the communication is made by separate parties in the course of a matter of common interest; (2) the communication is designed to further that effort; and (3) the privilege has not been waived." United States v. Bergonzi, 216 F.R.D. 487, 495 (N.D. Cal. 2003); accord Nidec, 249 F.R.D. at 578. Further, "the parties must make the communication in pursuit of a joint strategy in accordance with some form of agreement—whether written or unwritten." Pac. Pictures, 679 F.3d at 1129. "[A] shared desire to see the same outcome in a legal matter is insufficient to bring a communication between two parties within [the privilege]." Id.

## II. Analysis

Although the present discovery dispute is similar to the parties' prior dispute, the present dispute is different because, here, it is undisputed that the documents at issue in the present dispute were generated after Affymetrix and AAT had entered in a supply and license agreement in 2014. (Doc. No. 292 at 1; see Doc. No. 196, Quina Decl. Ex. B.) Nevertheless, it is also undisputed that during the relevant time period, AAT was not represented by separate counsel, and Defendants do not assert that their counsel represented AAT. (Doc. No. 292 at 1.) Plaintiffs argue that the Court should again reject Defendants' assertion of common interest privilege in light of the fact that AAT was not represented by

counsel during the time of the communications at issue. (Id.) The Court agrees with Plaintiffs.

The bulk of the case law supports Plaintiffs' position that the common interest privilege does not apply under these circumstances because AAT was not represented by counsel during the relevant time period. The Ninth Circuit has explained that the common interest privilege is "designed to allow attorneys for different clients . . . to communicate with each other." Pac. Pictures, 679 F.3d at 1129. The Ninth Circuit has further stated that the rationale for the common interest privilege is that "persons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims." Gonzalez, 669 F.3d at 978. Thus, in describing the purpose of the common interest privilege, the Ninth Circuit has described the privilege as existing in situations where the parties sharing the common interest are each represented by counsel.

Further, several district courts within the Ninth Circuit have expressly held that the common interest "privilege only applies when clients are represented by separate counsel." Sec. & Exch. Comm'n v. Aequitas Mgmt., LLC, No. 3:16-CV-438-PK, 2017 WL 6329716, at *3 (D. Or. July 7, 2017), objections overruled sub nom. Sec. & Exch. Comission v. Aequitas Mgmt., LLC, No. 3:16-CV-00438-PK, 2017 WL 6328150 (D. Or. Dec. 11, 2017); see, e.g., Swortwood v. Tenedora de Empresas, S.A. de C.V., No. 13CV362-BTM (BLM), 2014 WL 895456, at *4 (S.D. Cal. Mar. 6, 2014) ("Since Mr. Diez Barroso was not individually represented by counsel, Defendant can not establish the applicability of the common interest doctrine."); Finisar Corp. v. U.S. Bank Tr. Nat. Ass'n, No. C 07-04052 JF (PVT), 2008 WL 2622864, at *4 (N.D. Cal. June 30, 2008) ("'Under the strict confines of the common interest doctrine, the lack of representation for the remaining parties vitiates any claim to a privilege.'" (quoting Cavallaro v. United States, 153 F. Supp. 2d 52, 61 (D. Mass. 2001))); OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc., No. CV-14-085-LRS, 2015 WL 11117150, at *2 (E.D. Wash. June 1, 2015) (explaining that for the common interest privilege to apply "[t]he communications, however, must be shared by attorneys

for the separate parties"); Carl Zeiss Vision Int'l Gmbh v. Signet Armorlite Inc., No. CIV 07CV-0894DMS POR, 2009 WL 4642388, at *7 (S.D. Cal. Dec. 1, 2009). In addition, the Third Circuit has also expressly held that the common interest "privilege only applies when clients are represented by separate counsel." In re Teleglobe Commc'ns Corp., 493 F.3d 345, 365 (3d Cir. 2007). Also, the Restatement (3d) of the Law Governing Lawyers provides: "A person who is not represented by a lawyer and who is not himself or herself a lawyer cannot participate in a common-interest arrangement . . . ." Restatement (3d) of the Law Governing Lawyers § 76(1) cmt. d (2000). As such, Plaintiffs' position that the common interest privilege does not apply here because AAT was not represented by separate counsel is well supported by the law.

Defendants have previously argued that there is no binding Ninth Circuit precedent expressly holding that for the common interest privilege to apply, both parties must be represented by separate counsel. (Doc. No. 212 at 6-7.) Although this is true, as shown above, there is ample case law within the Ninth Circuit supporting Plaintiffs' position. Moreover, notably, Defendants have failed to identify any Ninth Circuit case law in support of their position. Defendants fail to identify any decision where the Ninth Circuit or a district court within the Ninth Circuit found the common interest privilege applicable even though one of the parties to the agreement was not represented by counsel.[2] Further, even

---

[2] The Court does not find persuasive Defendants' citation to United States v. Montgomery, 990 F.2d 1264, 1993 WL 74314 (9th Cir. 1993). (Doc. No. 212 at 7-8.) Montgomery is easily distinguishable from the present case. In Montgomery, the Ninth Circuit found privileged a statement made by a co-defendant while the two co-defendants were discussing with an Assistant Federal Public Defender the process for obtaining a public defender. See id. at 1-2, 5. The Ninth Circuit found the statement to be privileged even though the public defender at issue ultimately did not represent the defendant who made the statement. See id.

But the Ninth Circuit has explained that "[p]rospective clients' communications with a view to obtaining legal services are plainly covered by the attorney-client privilege under California law, . . . regardless of whether they ever retain the lawyer." Barton v. U.S. Dist. Court for Cent. Dist. of Cal., 410 F.3d 1104, 1111 (9th Cir. 2005). Thus, the co-defendant in Montgomery had an attorney-client relationship for privilege purposes with that federal defender with respect to the communications at issue in that case even though the federal defender was never ultimately retained as her counsel. See Montgomery, 1993 WL 74314, at *3 ("[T]he district court reasonably concluded that McMeniman sought

assuming that it could be argued that the law is unclear on this particular issue, the Ninth Circuit has explained that the common interest privilege is an extension of the attorney-client privilege. Gonzalez, 669 F.3d at 978. And the attorney-client privilege is "'to be strictly confined within the narrowest possible limits consistent with the logic of its principle.'" [3] Ruehle, 583 F.3d at 607; see Martin, 278 F.3d at 999.

Moreover, Plaintiffs' position that the common interest privilege does not apply here because AAT was not represented by separate counsel is also supported by a review of the relevant agreement. The Affymetrix-AAT agreement provides in section 11 entitled "General Provisions" the following:

> 11.9. <u>Relationship of the Parties</u>. In all matters relating to this Agreement each Party hereto shall be solely responsible for the acts of its employees and agents, and employees or agents of one Party shall not be considered employees or agents of the other Party. Except as otherwise provided herein, no Party shall have any right, power or authority to create any obligation, express or implied, on behalf of any other Party. Nothing in this Agreement is intended to create or constitute a joint venture, partnership, agency, trust or other association of any kind between the Parties or persons referred to herein.

Doc. No. 296, Quina Decl. Ex. B at 71.) In sum, Defendants have failed to meet their burden of establishing applicability of the common interest privilege, and the Court rejects

---

legal advice from Nelson because he was an attorney, wanted his help in obtaining counsel, and discussed with him the charges for which she required representation."). In contrast, here, Defendants do not assert that AAT or its principle Dr. Diwu ever engaged in communications with Affymetrix's legal counsel with a view towards obtaining legal services. As such, Montgomery is inapplicable to the present case.

In addition, Montgomery is unpublished disposition from 1993. As a result, Defendants are not permitted to cite Montgomery to this Court under 9th Circuit Rule 36-3(c). Moreover, the Court notes that all of the other cases cited by Defendants in their prior briefing in support of their position are non-binding out-of-circuit district court decisions or state court decisions. (See Doc. No. 212 at 8-10; Doc. No. 238 at 5-6.)

[3]  In addition, the Court rejects Defendants' policy arguments in favor of finding the common interest privilege applicable in these circumstances. (See Doc. No. 212 at 12-15.) The Court agrees with Plaintiffs that Defendants' policy arguments are no more than criticisms of the attorney-client privilege itself and misconstrue the purposes of the attorney-client privilege. (Doc. No. 241 at 12-15.)

Defendants' assertion of the common interest privilege.[4]

## Conclusion

For the reasons above, the Court rejects Defendants' assertion of the common interest privilege as to the documents at issue. Because Defendants have failed to establish the applicability of the common interest privilege as to the documents at issue, any claim of attorney-client privilege as to those documents was waived when the documents were shared with third-party AAT. See Pac. Pictures Corp., 679 F.3d at 1126-27; Nidec, 249 F.R.D. at 578; Cohen, 2015 WL 3617124, at *13. As a result, the Court grants Plaintiffs' motion to compel and orders Defendants to produce the documents at issue within **14 days** from the date this order is filed.

**IT IS SO ORDERED.**

DATED: October 9, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[4] The Court reiterates that it is not holding that there is a bright-line rule requiring that in order for the common interest privilege to apply, the parties to the relevant agreement must always be represented by separate counsel. Rather, the Court simply concludes that under the facts of this civil case, the common interest privilege does not apply in light of the fact that business entity AAT was not represented by counsel during the relevant time period.