# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and BECTON, DICKINSON and COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AFFYMETRIX, INC.; and LIFE TECHNOLOGIES CORP.,<br><br>Defendants. | Case No.: 17-cv-01394-H-NLS<br><br>**ORDER DENYING DEFENDANTS' MOTION TO STAY PRODUCTION OF DOCUMENTS PENDING APPEAL**<br><br>[Doc. No. 299.] |

On October 3, 2018, the parties filed a one-page joint motion for determination of a discovery dispute. (Doc. No. 292.) On October 9, 2018, the Court issued an order on the parties' discovery dispute, rejecting Defendants Affymetrix, Inc. and Life Technologies Corp.'s assertion of the common interest privilege as to the documents at issue and granting Plaintiffs the Regents of the University of California, Becton, Dickinson and Company, Sirigen, Inc., and Sirigen II Limited's motion to compel production of the documents. (Doc. No. 297.) In the order, the Court ordered Defendants to produce the documents at issue within 14 days from the date the order was filed. (Id. at 9.)

On October 10, 2018, Defendants filed a motion to stay production of the documents at issue pending appellate review. (Doc. No. 299.) On October 11, 2018, the Court took Defendants' motion to stay under submission, and the Court granted Defendants an extension of the deadline to produce the documents at issue, extending the deadline to November 6, 2018. (Doc. No. 302.) On October 24, 2018, Plaintiffs filed a response in opposition to Defendants' motion to stay. (Doc. No. 308.) For the reasons below, the Court denies Defendants' motion to stay pending appellate review.

## **Background**

In the present action, Plaintiffs assert claims of patent infringement against Defendants, alleging infringement of U.S. Patent No. 9,085,799, U.S. Patent No. 8,110,673, U.S. Patent No. 8,835,113, U.S. Patent No. 8,455,613, U.S. Patent No. 8,575,303, U.S. Patent No. 9,139,869, and U.S. Patent No. 9,547,008. (Doc. No. 101, FAC ¶¶ 52-115.) The Court has previously granted Defendants' motion for summary judgment of non-infringement of the '799 patent. (Doc. No. 170.)

On November 15, 2017, in response to a subpoena, third-party AAT BioQuest produced to Plaintiffs an email dated July 15, 2013 that was sent from Travis Jennings, an Affymetrix scientist, to Steven Yee, Affymetrix's in-house IP counsel, and Ryan Simon, Affymetrix's general counsel. (Doc. No. 212-1, Jennings Decl. ¶ 6.) The email was also sent to Dr. Jack Diwu, lead scientist and principal for third-party AAT BioQuest, Inc., as a carbon copy recipient. (Id. ¶ 7.) It is undisputed that at the time of that email communication, AAT was not represented by its own counsel. (Doc. No. 212 at 1, 5.) Further, Defendants do not assert that AAT was represented by Affymetrix's in-house counsel. (Doc. No. 197 at 7 n.2.)

On March 7, 2018, Defendants asserted a claim of privilege as to the July 15, 2013 email in their privilege log and clawed the document back under the terms of the protective order in this case. (Doc. No. 198-1, Ex. C.) Plaintiffs disputed Defendants' claim of privilege as to the document but complied with Defendants' request to destroy the document. (Id.)

On April 20, 2018, the parties filed a one-page joint motion for determination of a discovery dispute. (Doc. No. 165.) In the joint letter, Plaintiffs challenged Defendants' assertion of common interest privilege as to the July 15, 2013 email. (Id.) On April 25, 2018, the Court referred the parties' discovery dispute to the Magistrate Judge. (Doc. No. 166.) On May 23, 2018, the parties filed a joint motion for the determination of a discovery dispute before the Magistrate Judge. (Doc. No. 186.)

On June 19, 2018, the Magistrate Judge issued an order on the parties' joint motion, rejecting Defendants' assertion of common interest privilege as to the July 15, 2013 email and granting Plaintiffs' motion to compel production of the document. (Doc. No. 197 at 1, 10.) On July 3, 2018, Defendants filed objections pursuant to Federal Rule of Civil Procedure 72(a) to the Magistrate Judge's June 19, 2018 order. (Doc. No. 205.) On August 6, 2018, the Court held that Defendants failed to establish applicability of the common interest privilege and denied Defendants' Rule 72(a) objections. (Doc. No. 259.) Specifically, the Court held that Defendants had failed to show that the communication at issue was made in pursuit of a joint strategy in accordance with some form of agreement. (Id. at 7-9.) In addition, the Court held that the Magistrate Judge did not err in denying Defendants' assertion of common interest privilege on the basis that AAT was not represented by counsel of its own during the relevant time. (Id. at 9-11.)

On October 3, 2018, the parties filed an additional one-page joint motion for determination of a discovery dispute in which Plaintiffs again challenged Defendants' assertion of the common interest privilege as to certain documents. (Doc. No. 292.) Specifically, the parties disputed whether Defendants could invoke the common interest privilege with respect to attorney-client communications Affymetrix shared with third-party AAT after the effective date of a supply and license agreement that Affymetrix and AAT signed in 2014. (Id.) On October 9, 2018, the Court issued an order on the parties' discovery dispute, rejecting Defendants' assertion of the common interest privilege as to the documents at issue and granting Plaintiffs motion to compel production of the documents. (Doc. No. 297.) In the order, the Court determined that Defendants had failed

to meet their burden of establishing applicability of the common interest privilege in light of the fact that business entity AAT was not represented by counsel during the relevant time period. (Id. at 5-9.) By the present motion, Defendants move for a stay of the Court's October 9, 2018 order requiring production of these documents pending resolution of a mandamus petition that Defendants will file with the Federal Circuit.[1] (Doc. No. 299-1 at 1-2.)

## Discussion

### I. Legal Standards Governing a Motion to Stay Pending Appellate Review

"A stay is not a matter of right . . . . It is instead an exercise of judicial discretion . . . [that] is dependent upon the circumstances of the particular case." Lair v. Bullock, 697 F.3d 1200, 1203 (9th Cir. 2012) (quoting Nken v. Holder, 556 U.S. 418, 433 (2009)) (internal quotation marks omitted). In deciding whether to grant a stay pending appeal, a court considers the following four factors: "'(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" Nken, 556 U.S. at 426 (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); accord Lair, 697 F.3d at 1203. "'The first two factors . . . are the most critical,' and the last two steps are reached '[o]nce an applicant satisfies the first two factors." Washington v. Trump, 847 F.3d 1151, 1164 (9th Cir. 2017) (quoting Nken, 556 U.S. at 434, 435). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken, 556 U.S. at 433–34.

### II. Analysis

#### A. Likelihood of Success on the Merits

In order to satisfy the first factor, the movant "must make a strong showing that

---

[1] The Court notes that although Defendants state in their motion to stay that they will expeditiously file a petition for mandamus review with the Federal Circuit, to date, Defendants have not filed a petition with the Federal Circuit. (Doc. No. 299-1 at 2.)

4

17-cv-01394-H-NLS

success on the merits is likely." Lair, 697 F.3d at 1204. The Supreme Court has explained that "[i]t is not enough that the chance of success on the merits be 'better than negligible.'" Nken, 556 U.S. at 434. "'[M]ore than a mere 'possibility' of relief is required.'" Id. Thus, "'at a minimum,' a petitioner must show that there is a "substantial case for relief on the merits." Lair, 697 F.3d at 1204.

Defendants have failed to make a strong showing of likelihood of success on the merits on appeal. In order for Defendants to obtain immediate appellate review of the Court's privilege determination, Defendants need to show entitlement to a writ of mandamus. (See Doc. No. 299-1 at 2 (stating that Defendants plan on filing a petition for mandamus review with the Federal Circuit)) The Supreme Court has explained that "[t]he writ of mandamus is an extraordinary remedy[ ] to be reserved for extraordinary situations." Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). In order to establish entitlement to mandamus relief, Defendants, among other requirements, must show that they "'have no other adequate means to attain the relief he desires—a condition designed to ensure that the writ will not be used as a substitute for the regular appeals process.'" Waymo LLC v. Uber Techs., Inc., 870 F.3d 1350, 1357 (Fed. Cir. 2017) (quoting Cheney v. U.S. Dist. Court for D.C., 542 U.S. 367, 380-81 (2004)). The Federal Circuit has noted that "[a]ppellate courts generally den[y] review of pretrial discovery orders because postjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege . . . by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence." Id. at 1357–58 (citations and internal quotation marks omitted). Thus, it is highly unlikely that Defendants will be able to satisfy the "no other adequate means for relief" requirement for obtaining mandamus relief from the Court's October 9, 2018 pretrial discovery order.

Defendants argue that immediate relief through mandamus is appropriate for a "particularly injurious or novel privilege ruling." (Doc. No. 239 at 1.) But in Waymo LLC v. Uber Technologies, Inc., the Federal Circuit recently denied a petition for writ of

mandamus and found that the appellant had failed to satisfy the "no other adequate means for relief" requirement for obtaining mandamus relief even though the appellant argued that the lower court's privilege ruling was particularly injurious or novel. See 870 F.3d at 1357-59 (noting that "even if a privilege ruling is particularly injurious or novel, a petition for writ of mandamus is one of 'several potential avenues of review'"). Thus, Defendants are unlikely to obtain mandamus relief even if they characterize the Court's order as a "particularly injurious or novel privilege ruling." [2]

Moreover, even if the Federal Circuit were to reach the merits of the privilege issue in Defendants' appeal, the Court notes that, as explained in the October 9, 2018 order, the bulk of the case law supports Plaintiffs' position that the common interest privilege does not apply in these circumstances because AAT was not represented by counsel during the relevant time period. (Doc. No. 297 at 6-7 (citing In re Pac. Pictures Corp., 679 F.3d 1121, 1129 (9th Cir. 2012); United States v. Gonzalez, 669 F.3d 974, 978 (9th Cir. 2012); Sec. & Exch. Comm'n v. Aequitas Mgmt., LLC, No. 3:16-CV-438-PK, 2017 WL 6329716, at *3 (D. Or. July 7, 2017), objections overruled sub nom. Sec. & Exch. Comission v. Aequitas Mgmt., LLC, No. 3:16-CV-00438-PK, 2017 WL 6328150 (D. Or. Dec. 11, 2017); Swortwood v. Tenedora de Empresas, S.A. de C.V., No. 13CV362-BTM (BLM), 2014 WL 895456, at *4 (S.D. Cal. Mar. 6, 2014); Finisar Corp. v. U.S. Bank Tr. Nat. Ass'n, No. C 07-04052 JF (PVT), 2008 WL 2622864, at *4 (N.D. Cal. June 30, 2008); OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc., No. CV-14-085-LRS, 2015 WL 11117150, at *2 (E.D. Wash. June 1, 2015); Carl Zeiss Vision Int'l Gmbh v. Signet Armorlite Inc., No. CIV 07CV-0894DMS POR, 2009 WL 4642388, at *7 (S.D. Cal. Dec. 1, 2009); In re Teleglobe

---

[2] Defendants note that in Waymo, the Federal Circuit granted a stay of the district court's order pending mandamus review. (Doc. No. 299-1 at 3.) But in making this argument, Defendants misconstrue the proper standard for determining whether to grant a stay pending appeal. The proper standard for evaluating a motion for a stay pending review requires a district court to analyze the movant's likelihood of success on the merits, not the movant's likelihood of obtaining a stay from the appellate court. See Nken, 556 U.S. at 426. With respect to the merits of Defendants' appeal, as explained above, Defendants are unlikely to be successful in obtaining mandamus relief from the Federal Circuit, particularly in light of the Waymo decision.

Commc'ns Corp., 493 F.3d 345, 365 (3d Cir. 2007); Restatement (3d) of the Law Governing Lawyers § 76(1) cmt. d (2000)).) Further, notably, Defendants have failed to identify any decision where the Ninth Circuit or a district court within the Ninth Circuit found the common interest privilege applicable even though one of the parties to the agreement was not represented by counsel. In sum, Defendants have failed to make of strong showing of likelihood of success on the merits and, thus, have failed to satisfy the first factor of the four-part test.

### B. Irreparable Injury

The Supreme Court has explained that "simply showing some 'possibility of irreparable injury,' fails to satisfy the second factor." Nken, 556 U.S. at 434–35 (citation omitted). Rather the movant must "show under the second factor that there is a probability of irreparable injury if the stay is not granted." Lair, 697 F.3d at 1214.

Defendants argue that they will be irreparably harmed if a stay is not granted because if the documents at issue are produced to Plaintiffs, there will be no way for Plaintiffs to unlearn the contents of the documents even if Defendants are successful on appeal. (Doc. No. 299-1 at 4.) This is insufficient to establish irreparable injury. The Supreme Court has explained that "postjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege. Appellate courts can remedy the improper disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence." Mohawk Indus., Inc. v. Carpenter, 558 U.S. 100, 109 (2009); accord Waymo, 870 F.3d at 1357-58. Defendants fail to adequately explain why any potential harm resulting from the production of the documents at issue could not be remedied by a later order excluding those documents from evidence if Defendants are successful on appeal. As a result, Defendants have failed to make a sufficient showing of irreparable injury absent a stay, and, thus, have failed to satisfy the second factor of the four-part test.

///

7

17-cv-01394-H-NLS

## Conclusion

In sum, Defendants have failed to satisfy the first factor and the second factor of the four-part test for obtaining a stay pending appellate review. As such, Defendants have failed to establish entitlement to a stay pending appellate review, and the Court, exercising its sound discretion, denies Defendants' request for a stay.[3] See Nken, 556 U.S. at 434, 435 (explaining that the first two factors of the four-part test "are the most critical" and that a court need not reach the last two factors if the movant has not satisfied the first two factors); Washington, 847 F.3d at 1164 (same).

**IT IS SO ORDERED.**

DATED: October 26, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[3] In their motion, Defendants request, in the event that the Court denies their motion to stay, a 14-day extension of the deadline to produce the documents at issue, moving the production deadline to November 6, 2018. (Doc. No. 299-1 at 2.) On October 11, 2018, when the Court took the motion under submission, the Court also granted Defendants an extension of time, moving the production deadline for the documents at issue to November 6, 2018. (Doc. No. 302 at 2.) As a result, Defendants' request for an extension of time is now moot.