# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA; and BECTON, DICKINSON and COMPANY,<br><br>Plaintiffs,<br><br>v.<br><br>AFFYMETRIX, INC.; and LIFE TECHNOLOGIES CORP.,<br><br>Defendants. | Case No.: 17-cv-01394-H-NLS<br><br>**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S SEPTEMBER 4, 2018 CLAIM CONSTRUCTION ORDER**<br><br>[Doc. No. 290, 291.] |

On October 2, 2018, Defendants Affymetrix, Inc. and Life Technologies Corp. filed a motion for leave to file a motion for reconsideration and a motion for partial reconsideration of the Court's September 4, 2018 claim construction order. (Doc. Nos. 290, 291.) On October 22, 2018, Plaintiffs the Regents of the University of California, Becton, Dickinson and Company, Sirigen, Inc., and Sirigen II Limited filed oppositions to Defendants' motions. (Doc. Nos. 305, 306.) On October 29, 2018, Defendants filed their replies. (Doc. Nos. 314, 315.) A hearing on the matters is currently scheduled for Monday, November 5, 2018 at 10:30 a.m. The Court, pursuant to its discretion under Local Civil Rule 7.1(d)(1), determines the matters to be appropriate for resolution without oral argument, submits it on the papers, and vacates the motion hearing. For the reasons below,

1

the Court denies Defendants' motion for reconsideration.

## Background

In the present action, Plaintiffs assert claims of patent infringement against Defendants, alleging infringement of U.S. Patent No. 9,085,799, U.S. Patent No. 8,110,673, U.S. Patent No. 8,835,113, U.S. Patent No. 8,455,613, U.S. Patent No. 8,575,303, U.S. Patent No. 9,139,869, and U.S. Patent No. 9,547,008. (Doc. No. 101, FAC ¶¶ 52-115.) On March 26, 2018, the Court issued a claim construction order, construing disputed claim terms from the '799 patent, the '673 patent, and the '113 patent. (Doc. No. 138.) On May 1, 2018, the Court granted Defendants' motion for summary judgment of non-infringement of the '799 patent. (Doc. No. 170.) On May 14, 2018, the Court denied Defendants' motion for summary judgment of non-infringement of the '673 patent and the '113 patent. (Doc. No. 183.) On September 4, 2018, the Court issued a claim construction order, construing disputed claim terms from the '613 patent, the '303 patent, the '869 patent, and the '008 patent. (Doc. No. 274.)

By the present motion, Defendants move for partial reconsideration of the Court's September 4, 2018 claim construction order. (Doc. No 290-1.) Specifically, Defendants move for reconsideration of the Court's constructions for the claim terms "polymer modifying unit" and "solubility." (Id. at 1.)

## Discussion

### I. Legal Standards for a Motion for Reconsideration

A district court has inherent jurisdiction to modify, alter, or revoke a prior order. United States v. Martin, 226 F.3d 1042, 1049 (9th Cir. 2000). "Reconsideration [of a prior order] is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Reconsideration should be used conservatively, because it is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); see also Marlyn

Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) ("'[A] motion for reconsideration should not be granted, absent highly unusual circumstances . . . .'"). A motion for reconsideration may not be used to relitigate old matters, or to raise arguments or present evidence for the first time that reasonably could have been raised earlier in the litigation. Exxon Shipping Co. v. Baker, 554 U.S. 471, 486 n.5 (2008); see Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) ("A [motion for reconsideration] may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."). "A party seeking reconsideration must show more than a disagreement with the Court's decision." United States v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001); accord Huhmann v. FedEx Corp., No. 13-CV-00787-BAS NLS, 2015 WL 6128494, at *2 (S.D. Cal. Oct. 16, 2015).

**II.  Analysis**

Defendants move for reconsideration of the Court's construction for the claim term "polymer modifying unit" and "solubility." (Doc. No. 290-1 at 1-3.) In the September 4, 2018 claim construction order, the Court construed the claim term "polymer modifying unit" as "a unit in the polymer that modifies the polymer and is different than the units wherein the ratios are denoted by the letters a, c, and d," and the Court construed the claim term "solubility" as "mixable in a solvent with no visible particulates." (Doc. No. 274 at 13, 18.)

Defendants argue that the Court committed clear error in construing these two claim term. (Doc. No. 290-1 at 2-3.) But in support of this assertion, Defendants rely on the same arguments that they have previously presented to the Court in their claim construction briefing and at the claim construction hearing. A motion for reconsideration should not merely present arguments previously raised in an attempt to reargue or relitigate the Court's claim constructions. See Exxon Shipping, 554 U.S. at 486 n.5 (a motion for reconsideration "'may not be used to relitigate old matters'"); Westlands Water Dist., 134 F. Supp. 2d at 1131 ("A reconsideration motion should not merely present arguments

previously raised, or which could have been raised in the initial . . . motion. . . . 'A motion for reconsideration is not a vehicle to reargue the motion . . . .'"). Indeed, in their motion, Defendants explain that the primary purpose of their motion for reconsideration is simply to preserve their objections to the Court's constructions for the claims terms "polymer modifying unit" and "solubility" in order to avoid the type of waiver recognized by the Federal Circuit in their recent decision in Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc., No. 2016-2691, 2018 WL 4501536, at *4-6 (Fed. Cir. Sept. 20, 2018).[1] (Doc. No. 290-1 at 1, 3; Doc. No. 291-1 at 1; Doc. No. 314 at 1; Doc. No. 315 at 1.) As such, Defendants have failed to provide a proper basis for reconsideration of the Court's September 4, 2018 claim construction order, and, thus, the Court denies Defendants' motion for reconsideration.

## Conclusion

For the reasons above, the Court denies Defendants' motion for reconsideration of the Court's September 4, 2018 claim construction order.

**IT IS SO ORDERED.**

DATED: October 29, 2018

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

---

[1] In addition, the Court agrees with Plaintiffs that Defendants' reliance on Power Integrations as the justification for their motion for reconsideration is misplaced. (See Doc. No. 305 at 1 n.1.) As Defendants concede in their reply briefs, the parties addressed and litigated the issues and evidence underlying the Court's final construction for the two claim terms at issue during the claim construction hearing. (Doc. No. 314 at 2; Doc. No. 315 at 1.)